**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| COLLEEN H. SCHAEFGEN<br>  AS TRUSTEE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LAURA H.G. O'SULLIVAN, *et al.*,<br><br>    Defendants. | Case No.: PWG-14-2992 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

After foreclosure proceedings were commenced against her in state court, Plaintiff, acting without counsel, brought this case raising several claims arising under the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and seeking a writ of replevin and to prevent the foreclosure. Defendants have moved to dismiss, arguing that Plaintiff has not pleaded her federal claims with particularity, that a writ of replevin is not available over real property, and that this Court can neither interfere in a pending foreclosure action nor void a sale that has not yet occurred. Plaintiff responds by arguing, *inter alia*, that she should not be required to meet sophisticated or onerous pleading standards to state a claim. Because I find that Plaintiff has pleaded few, if any, relevant facts, I agree with Defendants and find that she has not stated a claim under federal law, and I also agree with Defendants that she has not stated a valid and ripe state-law claim. But although I grant the motion to dismiss, I also give Plaintiff the opportunity to amend her complaint to allege a valid claim, if she can do so consistent with the limits imposed in the accompanying Order.

I.      BACKGROUND

For the purposes of considering Defendantss motion, I accept the facts that Plaintiff has alleged in her Amended Complaint, ECF No. 19, as true.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).  On March 30, 2004, Plaintiff Colleen H. Schaefgen[1] took out a loan from Vision Mortgage, LLC ("Vision") in the amount of $286,500 (the "Loan" or the "Mortgage") and secured by a deed of trust (the "Deed of Trust") on her residence at 1707 Belvedere Boulevard, Silver Spring, Maryland (the "Property").  *See* Note, Defs.' Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Am. Compl. ("Def.'s Mem"). Ex. A, ECF No. 20-2; Deed of Trust, Def.'s Mem. Ex. 3, ECF No. 20-3.[2]  That same day, Vision executed an allonge to the note making it payable to National City Mortgage.  Note 5.

Schaefgen has not provided any allegations regarding her relationship with any of the Defendants.  According to Defendants, Defendant PNC Bank, N.A. ("PNC") is the successor in interest to National City Mortgage.  Def.'s Mem. 3, ECF No. 20-1.  On February 27, 2013, PNC executed a Deed of Appointment of Substitute Trustees, Def.'s Mem. Ex. C, ECF No. 20-4, appointing Defendants Laura H.G. O'Sullivan, Erin M. Brady, Diana C. Theologou, Laura L. Latta, Jonathan Elefant, Laura T. Curry, and Chasity Brown as substitute trustees (the "Substitute Trustees") under the Deed of Trust.

---

[1] The complaint identifies the plaintiffs as "Colleen H. Schaefgen as Trustee and Colleen H. Schaefgen," Am. Compl. 1, but does not purport to identify what Schaefgen is trustee of.  In any event, it is of no moment whether she has brought this case in her individual capacity only or also in her capacity as a trustee.

[2] Though the details of the Note and the Deed of Trust are not expressly alleged in the Amended Complaint, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'"  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)) (alterations in original).

The allegations in the Amended Complaint are convoluted and difficult to follow. However, Schaefgen alleges that she received a notice of trustee sale on or about July 7, 2014 notifying her of an imminent foreclosure sale of the Property.  Compl. 2.  She further alleges that Defendants do not have any right to attempt to collect the outstanding Mortgage, that they do not have the right to foreclose on the Property, that they have threatened legal action that they did not intend to take, and that they have sought to collect information about Schaefgen and the Property to facilitate their collection efforts.  *Id.*

Schaefgen initially filed a complaint against Defendants in the Circuit Court for Montgomery County on July 15, 2014, Compl., *Schaefgen v. O'Sullivan*, No. PWG-14-3118 (D. Md. filed Oct. 3, 2014) ("Case No. 14-3118"), ECF No. 2.  On September 22, 2014, she filed a similar case against the same Defendants in this Court.  Compl., ECF No. 1.  On October 3, 2014, Defendants removed Case No. 14-3118 to this Court, Notice of Removal, ECF No. 1 in Case No. 14-3118, and shortly thereafter, the two cases were consolidated, Paperless Order, ECF No. 10 in Case No. 14-3118.  Defendants moved to dismiss the Complaint, Defs.' Mot. to Dismiss, ECF No. 12, and Schaefgen amended her complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), *see* Am. Compl.; Letter Order, ECF No. 18.

The Amended Complaint enumerates sixteen counts: Counts I, II, VII, XI, XIII, and XV allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Counts III, IV, VIII, XII, XIV, and XVI allege violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; Counts V and IX seek to set aside or vacate the foreclosure sale of the Property; and Counts VI and X seek a writ of replevin.  On February 12, 2015, Defendants served the pending Motion to Dismiss Amended Complaint ("Defs.' Mot."), ECF No. 20, and supporting Memorandum, Defs.' Mem. ECF No. 20-1.

Schaefgen filed her Opposition ("Pl.'s Opp'n"), ECF No. 22, and Defendants have Replied ("Defs.' Reply"), ECF No. 24.

On April 6, the Clerk of this Court docketed a letter returning a purported surreply to Schaefgen. Letter from Felica C. Cannon, Clerk, to Colleen H. Schaefgen (Apr. 23, 2015), ECF No. 25. On April 17, 2015, Schaefgen filed a Request for Leave to File Surreply or a Findings of Fact ("Pl.'s Mot. for Surreply"), ECF No. 26, and Defendants have opposed the motion ("Defs.' Surreply Opp'n"), ECF No. 27. Schaefgen has not filed a reply in support of her Motion for Surreply and the time to do so has passed. Loc. R. 105.2. Having reviewed the filings, I find a hearing is not required. Loc. R. 105.6.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at \*4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at \*4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Although Plaintiff is proceeding *pro se* and her complaint is to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this does not absolve Plaintiff of her obligation to plead a plausible claim, *see Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

## III.   DISCUSSION

### A.  Plaintiff's Motion to File Surreply

First, Schaefgen has sought to file a surreply in further opposition to Defendants' Motion. Schaefgen "sincerely believes that her response to the motion to dismiss the amended complaint is not a 'surreply' and that there is no need to request leave to file it." Pl.'s Mot. for Surreply 1. She is incorrect. When a motion is filed, the nonmovant may oppose the motion, and the movant is entitled to the last word by filing a reply. Loc. R. 105.2(a). The further response from Schaefgen, the nonmovant, plainly is a surreply (that is, a reply to the reply), and the Local Rules of this Court are clear: "Unless ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.1(a). Schaefgen has provided no reason why she should be granted leave to file a surreply and her purported surreply appears to do no more than repeat the arguments in her Opposition. Accordingly, the Motion to File Surreply will be denied.

### B.  FDCPA Claims

Defendants seek to dismiss Counts I, II, VII, XI, XIII, and XV alleging FDCPA violations (the "FDCPA Counts") on the grounds that they do not satisfy the relevant pleading requirements. *See* Defs.' Mem. 8–9. To plead a valid FDCPA claim, "a plaintiff must demonstrate that '(1) the plaintiff has been the object of collection activity arising from

consumer debt; (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the

defendant has engaged in an act or omission prohibited by the FDCPA.'"  *Stewart v. Bierman*,

859 F. Supp. 2d 754, 759–60 (D. Md. 2012) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781,

784–85 (E.D. Va. 2005)).

Each of the FDCPA Counts consists of substantially identical allegations.  After pleading

background matter such as the residency of the parties and the existence and procedural history

of the Mortgage, they list a series of generalized allegation seemingly lifted directly from the

FDCPA.  For example, Count I alleges:

> The Defendants have began [*sic*] attempting to collect this debt from the Plaintiff but do not have the legal right or any legal interests that would otherwise allow them.
>
> The Defendants also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict them, and then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service and [*sic*] taxable income.[3]
>
> The Defendants asked the Plaintiffs the location of her place of employment and threatened to garnish her wages.
>
> The Defendants failed to provide the Plaintiff with validation of debt within five business days of contacting her.
>
> The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.
>
> The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.
>
> The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.
>
> Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

---

[3] I also note that insofar as Defendants have foreclosed on the mortgage, it is not clear that Schaefgen has a good-faith factual basis to allege that they did not intend to commence legal action, to foreclose on her home, or otherwise to seek to collect the unsecured balance of the Mortgage.

Am. Compl. 2–3.  The remaining FDCPA Counts comprise substantially identical allegations.

These allegations contain absolutely no specific facts constituting an FDCPA violation, much less "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Schaefgen responds by arguing that, as an unrepresented person, she should not be required to "be the most sophisticated pleader."  Pl.'s Opp'n 1.  However, *Iqbal* and *Twombly* do not require her to exhibit any great legal skill or sophistication.  All that is required is particularized factual allegations: Schaefgen must be able to allege what actually happened by highlighting specific acts that she believes violated the FDCPA.  If Defendants threatened to sue her without intending to do so, she must allege, in as detailed a fashion as she is able, what threats were made, when they were made, how they were made, who made them, and what about those threats involved actions that Defendants could not or did not intend to take.  If they did not provide her with validation of debt within five business days of contacting her, Schaefgen must allege what contact was made with her and what was deficient about those communications.  In order to plead an FDCPA violation—or any cause of action—Schaefgen must be able to tell the story, in reasonable detail, of how and when that violation occurred.  Doing so will allow me to analyze whether those facts constitute a violation of law; without those factual allegations, there is no way to gauge the merits of her claim.[4]

---

[4] Schaefgen also has not provided any facts that identify Defendants John Does 1–10 other than the generalized allegations that they have "an undisclosed but substantial interest in the unfair and deceptive collection efforts and other illegal actions undertaken by the other known parties." Am. Compl. 14.  This does not suffice to demonstrate that they are known but unidentified individuals against whom she has stated a valid claim.  *Cf. Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) (approving of allowing "actions to proceed against real, but unidentified, defendants").

Accordingly, Schaefgen has failed to plead a valid claim for FDCPA violations and the FDCPA Counts must be dismissed.  However, because she is unrepresented and it is not clear that she understood her obligation to plead particularized facts supporting her claims, the dismissal will be without prejudice and she will be given leave to replead, subject to the limits discussed below.

### C.  RESPA Claims

Defendants raise similar arguments for dismissal of Counts III, IV, VIII, XII, XIV, and XVI (the "RESPA Counts").  And again, Schaefgen has provided only generalized allegations that track portions of RESPA: that Defendants failed to acknowledge properly and respond to a qualified written request as defined by RESPA.  *See* Am. Comp. 7–8.  As with the FDCPA Counts, the RESPA Counts do not provide any facts as to what Schaefgen sent to whom, what information (if any) she requested, and what response (if any) she received and when, making it impossible to determine whether any communications formed the basis of a RESPA violation. For the same reasons, the RESPA Counts must be dismissed, but will be dismissed without prejudice.

### D.  Counts V and IX to Set Aside or Vacate Sale

Although Schaefgen seeks to set aside or vacate sale of the Property, she has not alleged that the property has been sold; only that a foreclosure action is pending.  *See* Am. Compl. 10–13, 19–21.  And, in fact, a review of the state court docket confirms this.  *See* Docket, *O'Sullivan v. Schaefgen*, No. 376662V (Md. Cir. Ct. Montgomery Cnty. filed Apr. 26, 2013), *available at* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=376662V&loc=68&deta ilLoc=MCCI.  "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in 'clean-cut and concrete form.'"  *Miller v. Brown*, 462 F.3d 312, 318–

19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Ct. of L.A.*, 331 U.S. 549, 584 (1947)).  "A case

is fit for judicial decision when the issues are purely legal and when the action in controversy is

final and not dependent on future uncertainties."  *Id.* at 319 (citing *Charter Fed. Sav. Bank v.*

*Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992)).  Because the sale that Schaefgen

seeks to set aside has not yet occurred, this claim wholly is dependent on future events—that is,

the foreclosure sale—that may never come to pass, and is not ripe for judicial resolution.

Nor can I interfere in the foreclosure proceedings currently pending in state court.  First,

because there is a currently pending *in rem* proceeding respecting the Property in state court, "it

is well settled that the court controlling the property for purposes of the earlier-filed suit has

jurisdiction over the property, and the court in which the later equity action was filed lacks

jurisdiction.  *Tucker v. Specialized Loan Servicing, LLC*, ---- F. Supp. 3d ----, 2015 WL 452285,

at *3 (D. Md. Feb. 3, 2015).  And in any event, I cannot enjoin any proceedings in the state-court

foreclosure action under the Anti-Injunction Act, which provides that "[a] court of the United

States may not grant an injunction to stay proceedings in a State court except as expressly

authorized by Act of Congress, or where in necessary in aid of its jurisdiction, or to protect or

effectuate its judgments."   28 U.S.C. § 2283; *see also Tucker*, 2015 WL 452285, at *2.

Accordingly, Counts V and IX must be dismissed.

### E.  Counts VI and X for Writ of Replevin

Schaefgen also seeks a writ of replevin "for the return of plaintiff's property."  Am.

Compl. 13, 21.  As Defendants correctly point out, a writ of replevin is available only for a

"person claiming the right to immediate possession of *personal* property."  Md. Rule 12-601(a)

(emphasis added).  Because the Property is real property, it cannot be the subject of a writ of

replevin, and Counts VI and X must be dismissed.

**F.  Leave to Re-Plead**

Whereas I have dismissed Counts V, VI, IX, and X on their merits, Schaefgen's FDCPA and RESPA Counts have been dismissed because Schaefgen failed to plead sufficient facts to determine whether Defendants are liable for FDCPA or RESPA violations.  It remains possible that she has valid claims that she can assert in this Court and simply did not understand how to plead her claims properly.  It would be unduly harsh to dismiss an unrepresented litigant's case with prejudice based on mere pleading deficiencies.

Accordingly, Schaefgen will be given limited leave to amend her complaint, provided that she do so within thirty days of this Memorandum Opinion and the accompanying Order. Specifically, the only claims that may be repeated are the FDCPA and RESPA claims, and Plaintiff may not seek relief that the Court already has said may not be granted (such as setting aside or vacating the sale of the Property or for a writ of replevin).  As I already have explained, if Schaefgen does intend to re-plead, she must do so by stating the facts on which her claims rest—what happened and when—with enough specificity to demonstrate whether Defendants violated the law and how they did so.  No particular form is required and Schaefgen need not be concerned with technicalities; she simply needs to tell her story so that it can be understood, ideally with reference to how and when she believes the law was violated.  However, merely stating that the law was violated or reciting the elements of a cause of action as she has done in her Amended Complaint is not sufficient.  Finally, if Plaintiff files an amended complaint in violation of the limits imposed by this Memorandum Opinion and the accompanying Order, those claims will be subject to summary dismissal.[5]

---

[5] I note as well that Plaintiff is proceeding *in forma pauperis*, so that even an amendment permitted by my Order still will be subject to *sua sponte* dismissal if it is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

To the extent that Schaefgen did not understand how to plead her case properly, that now has been explained to her and she no longer has a reason for further pleading deficiencies. So although she will be permitted to amend her complaint once more, further amendments will not be permitted without good cause.  If any claims set forth in a second amended complaint are dismissed for failure to state a claim, they will be dismissed with prejudice and Schaefgen will not be given a further opportunity to re-plead.

## IV.    CONCLUSION

Accordingly, Defendant's Motion to Dismiss will be GRANTED.  Counts V, VI, IX, and X will be DISMISSED WITH PREJUDICE.

Plaintiff's remaining claims will be DISMISSED WITHOUT PREJUDICE and Plaintiff is GRANTED LEAVE to amend her complaint within thirty (30) days, provided she does so in strict compliance with the limitations above; any further dismissals will be with prejudice.

A separate order shall issue.


Dated: <u>July 28, 2015</u>                                              <u>      /S/               </u>
                                                                                    Paul W. Grimm
                                                                                    United States District Judge
dsy